UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CLEM,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>G. LOMELI, California Correctional<br>Officer in his individual capacity<br><br>　　　　　　Defendant. | No. 2:05–cv–02129-JKS<br><br>PROPOSED JURY VOIR DIRE,<br>JURY INSTRUCTIONS, and<br>SPECIAL VERDICT FORM |

　　　　Attached is a draft of the Court's standard *voir dire* jury questionnaire and general questions for the panel.  The parties should review these questions and propose any additional questions deemed appropriate.  The parties should keep in mind that the purpose of *voir dire* is not to try one's case pretrial, but to determine which jurors, if any, should be excused because they have, or may have, disqualifying biases, prejudices, *etc*.  If a juror responds to a particular question with an answer that raises an issue as to that person's ability to be an impartial juror, the Court will likely allow counsel to later question the juror in open court, out of the presence of the other jurors, for the purpose of determining whether that juror has any prejudices, biases, *etc*. *See* FED. R. CIV. P. 47(a).

　　　　The parties must also submit a proposed special verdict form pursuant to Rule 49 of the Federal Rules of Civil Procedure, which addresses each disputed issue of material fact that the parties wish the jury to decide.  Failure to include a question in the proposed verdict form may be deemed a waiver of jury trial on that issue.  A proposed Special Verdict Form is also attached.

　　　　Also attached are the Court's standard preliminary and final jury instructions.  At the end are excerpts from the comments to selected Ninth Circuit Manual of Model Jury Instructions. The parties should alert the Court to any standard instruction they believe is inappropriate for this case and explain why the instruction is inappropriate.  The parties should also propose instructions pertaining to the specific elements of each claim presented.  The instructions

pertaining to the specific claims presented will be inserted after the Court's first instruction.  If the proposed instruction is either a Ninth Circuit Manual of Model Jury Instruction, California Jury Instructions-Civil (CACI), or California Jury Instructions-Civil (BAJI), the parties need not re-type the instruction, but may merely list the proposed instructions by number, *e.g.*, Ninth Circuit Model Civil Jury Instruction 1.1 – Duty of Jury; or California Jury Instructions-Civil (BAJI) 3.10 – Negligence and Ordinary Care – Definitions.

Dated:  August 22, 2007

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

## GENERAL QUESTIONS FOR THE JURY

*Clem v. Lomeli*

1.      Does anyone here know, or are any of you acquainted with, any of the parties in this case?

        [List parties]

2.      Do you know any attorneys or other employees of the Office of the Attorney General of the State of California?

3.      Do you know anyone else who is involved in or associated with this trial, such as Court personnel?

4.      Are you aware of anyone who may be called as witnesses in this case?

5.      Do you have any personal knowledge of, or have you read or heard anything about the facts surrounding this case?

6.      Have you or a close relative or friend ever worked for the California Department of Corrections or the Attorney General of the State of California?

7.      Will the fact that the Plaintiff is a state prisoner and Defendant is a state prison employee affect your ability to serve as a fair and impartial juror?

8.      Do you have any negative or positive ideas of feelings about prison officials or correctional officers?  If so, will that affect your ability to be a fair and impartial juror?

9.      Do you have any negative or positive ideas or feelings about people who are serving terms in prison?  If so, will that affect your ability to be a fair and impartial juror?

10.     Are any of you familiar with the Mule Creek State Prison, California? Have any of you formed an opinion about this institution? If so, what is your opinion?

11.     Have any of you read any books, reports, articles, or other publications relating to the operation of jails or prisons and the treatment of prisoners in California or elsewhere in the United States?  If so, have you formed any opinions based upon what you have read? What is that opinion?  Will anything you have read affect your ability to serve as a fair and impartial juror?

12.     Are any of you now or have any of you ever been, associated with any group or organization that is concerned with the operation of jails or prisons, the treatment of prisoners, or the reform of prisons in California or elsewhere? If so, have you formed any opinions based upon this experience? Will that experience affect your ability to serve as a fair and impartial juror?

13.     Do any of you have any knowledge or entertain any attitudes or opinions about the operation of jails or prisons and the treatment of prisoners in California or elsewhere in the United States? If so, what is the basis of your knowledge? Will your knowledge, attitudes, or opinions affect your ability to serve as a fair and impartial juror?

14.     Have you, any relative, friend, or neighbor ever been an inmate of a jail or prison either in California or elsewhere? If so, will that fact affect your ability to serve as a fair and impartial juror?

15.     Have you, any relative or close friend ever suffered from a musculoskeletal disorder that impaired your mobility or ability to climb stairs?

16.     Have you, a relative or a close friend had any bad experience with any office or agency of the State of California?

17.     Is there any reason you would treat the testimony of a law enforcement or correctional officer differently than the testimony of any other witness?

18.     Have you, any relative, friend, or neighbor ever been an employee of a jail or prison either in California or elsewhere? If so, will that affect your ability to serve as a fair and impartial juror?

19.     This case is expected to last four or five days. Will that impose a hardship on any of you?

20.     Is there any other reason that you would like to bring to the Court's attention why you question your ability to decide this case based solely on the evidence presented to you?

## VOIR DIRE JURY QUESTIONNAIRE

*Clem v. Lomeli*

When you are called upon, please stand with the microphone and give the following information to the attorneys, the parties, and the Court.  The microphone is not connected to a loudspeaker, but it does record what you say, so it is necessary that you speak clearly and loudly into it.

If in response to any of the questions you would prefer to answer in private, please so indicate and at a later time you will be asked to come forward and discuss your answer confidentially with the Court and counsel at the bench.

1.    State your name, and spell your last name.  Where were you born, and where were you raised?

2.    What neighborhood do you live in?  How long have you lived in California?

3.    What is your marital status?  What is your spouse's name?  Please give the number of children, their ages, and their occupations if they are adults.

4.    What is the highest level of formal education that you've attained?

5.    What is the name of your employer?  Please give a brief work history, and if you are married, please give your spouse's occupation.

6.    What are your hobbies, interests, and organizations, and any public expressions of your opinions?  For example, do you have any bumper stickers, or any political activity that is public?  Have you ever run for public office?

7.    Are you a citizen of the United States?

8.    Do you have any military service?  Your rank at discharge?

9.    Have you ever served on a jury?  If so, (a) when was that? (b) Was it a civil or a criminal case? (c) Was it a grand jury or a trial jury? (d) Did the jury reach a verdict in that case?

10.    Do you know either of the parties, a lawyer present in the courtroom, or any of the witnesses named by an attorney?

11.    Do you have a special disability or a medical condition which would make it difficult for you to serve as a juror?

12.    Is there any reason you are concerned about your ability to be fair to both sides in this case?

13.    Is there anything else that you feel that the lawyers, parties or the Court should know regarding your jury service?

## PROPOSED JURY INSTRUCTIONS

[*NOTE: Unless otherwise indicated, Instructions are taken from the Manual of Model Civil Jury Instructions promulgated by the U.S. Court of Appeals for the Ninth Circuit and are available for reference on the Ninth Circuit's web page at  http://www.ce9.uscourts.gov/web/sdocuments.nsf/civ.*]

## PRELIMINARY JURY INSTRUCTIONS

## INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Source</u>:  1.1A Duty of Jury

## INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The following is undisputed.

Plaintiff Clem was in the custody of the California Department of Corrections and Rehabilitation on February 3, 2004, incarcerated at Mule Creek State Prison in Ione, California. Plaintiff's cell mate at the time material to plaintiff's complaint was Godman, in cell 115, Building Four.  Defendant conducted the 4:00 p.m. count on February 3, 2004.  During the 4:00 p.m. count, Correctional Officer Purcell was working with defendant.  During the 4:00 p.m. count, defendant saw that plaintiff and inmate Godman were in the same cell.  Shortly after the 4:00 p.m. count, defendant and Correctional Officer Purcell heard loud noises coming from the area around cell 115.  Correctional Officer Purcell called a "medical code" and had the cell door opened.  Inmate Godman was ordered out of cell 115 and a medical technical assistant was called to the scene.  A MTA arrived shortly thereafter and administered smelling salts to revive plaintiff, who was unconscious on the floor of the cell.  Plaintiff sustained a broken jaw and was sent to an off-site facility for treatment.

The dispute between the parties and their respective contentions are:

Plaintiff contends that while defendant was conducting the 4:00 p.m. count, plaintiff stopped him as he looked in cell 115 and "begged" defendant to immediately remove him from the cell because inmate Godman had threatened to kill him if plaintiff was not removed.  Inmate Godman attacked Plaintiff and as a result of the attack, he lost consciousness.  Plaintiff contends that Defendant did not take any steps to prevent the attack.

Defendant contends that Plaintiff did not tell him during the 4:00 p.m. count that he needed to be moved to another cell because his cell mate threatened to kill him.

<u>Source</u>:  1.2 Claims and Defenses

**INSTRUCTION NO. 3**

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Source</u>: 9.1 Section 1983 Claim—Introductory Instruction

**INSTRUCTION NO. 4**

In order to prevail on his § 1983 claim against the defendant Lomeli, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of law; and

2.      the act of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction Numbers [*insert numbers of final jury instruction*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

<u>Source</u>:  9.2 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

**INSTRUCTION NO. 5**

In order to establish that the act of the defendant  Lomeli deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the act was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

<u>Source</u>:  9.8 Causation

## INSTRUCTION NO. 6

As previously explained, the plaintiff has the burden to prove that the act of the defendant Lomeli deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution when defendant refused to immediately remove him from the cell after plaintiff informed defendant that plaintiff's cell mate threatened to kill plaintiff if he did not leave the cell immediately.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff faced a substantial risk of serious harm;

2. the defendant knew of that risk and disregarded it; and

3. the act of the defendant caused harm to the plaintiff.

Source: 9.25 Particular Rights—Eighth Amendment—Prisoner's Claim Re Conditions of Confinement/Medical Care

## INSTRUCTION NO. 7

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

<u>Source</u>:  1.3 Burden of Proof — Preponderance of the Evidence

## INSTRUCTION NO. 8

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

Source:  1.6 What is Evidence

## INSTRUCTION NO. 9

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Plaintiff is representing himself in  this case.  When a party is representing himself he is held to the same standard as an attorney.  Therefore, except when actually testifying under oath, statements, arguments, questions, and objections made by the Plaintiff are not to be considered as evidence and you must not consider them as evidence in deciding this case.

<u>Source</u>:  1.6 What is Not Evidence

**INSTRUCTION NO. 10**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

<u>Source</u>:  1.8  Evidence for a Limited Purpose

## INSTRUCTION NO. 11

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source:  1.9 Direct and Circumstantial Evidence

## INSTRUCTION NO. 12

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Source</u>:  1.10 Ruling on Objections

## INSTRUCTION NO. 13

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Source:  1.11 Credibility of Witnesses

**INSTRUCTION NO. 14**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

<u>Source</u>:  1.12 Conduct of the Jury

## INSTRUCTION NO. 15

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Source: 1.13 No Transcript Available to Jury

## INSTRUCTION NO. 16

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by the notes.

Source: 1.14 Taking Notes

**INSTRUCTION NO. 17**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

<u>Source</u>:  1.18 Bench Conferences and Recesses

### INSTRUCTION NO. 18

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Source:  1.19 Outline of Trial

**FINAL JURY INSTRUCTIONS**

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Source</u>: 1.1C Duty of the Jury

**INSTRUCTION NO. 2**

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

<u>Source</u>: 9.1 Section 1983 Claim—Introductory Instruction

**INSTRUCTION NO. 3**

In order to prevail on his § 1983 claim against the defendant Lomeli, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.      the defendant acted under color of law; and

2.      the act of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under Instruction Numbers [*insert numbers of final jury instruction*], your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

<u>Source</u>:  9.2 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

**INSTRUCTION NO. 4**

In order to establish that the act of the defendant Lomeli deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the act was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Source:  9.8 Causation

**INSTRUCTION NO. 5**

As previously explained, the plaintiff has the burden to prove that the act of the defendant Lomeli deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution when defendant refused to immediately remove him from the cell after plaintiff informed defendant that plaintiff's cell mate threatened to kill plaintiff if he did not leave the cell immediately.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      the plaintiff faced a substantial risk of serious harm;

2.      the defendant knew of that risk and disregarded it; and

3.      the act of the defendant caused harm to the plaintiff.

Source:  9.25 Particular Rights—Eighth Amendment—Prisoner's Claim Re Conditions of Confinement/Medical Care

## INSTRUCTION NO. 6

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: 1.3 Burden of Proof—Preponderance of the Evidence

**INSTRUCTION NO. 7**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

Source:  1.6 What is Evidence

## INSTRUCTION NO. 8

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

When a party is representing himself he is held to the same standard as an attorney. Therefore, except when actually testifying under oath, statements, arguments, questions, and objections made by the party are not to be considered as evidence and you must not consider them as evidence in deciding this case.

Source: 1.7 What is Not Evidence

**INSTRUCTION NO. 9**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

<u>Source</u>: 1.9 Direct and Circumstantial Evidence

**INSTRUCTION NO. 10**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

<u>Source</u>: 1.11 Credibility of Witnesses

**INSTRUCTION NO. 11**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: 2.8 Impeachment Evidence—Witness

## INSTRUCTION NO. 12

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff , you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider the extent of the physical pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: 5.1 Damages 5.2 Measures of Types of Damages

## INSTRUCTION NO. 13

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Source: 5.5 Punitive Damages

**INSTRUCTION NO. 14**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

<u>Source</u>: 5.6 Nominal Damages

## INSTRUCTION NO. 15

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source:  3.1 Duty to Deliberate

**INSTRUCTION NO. 16**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

<u>Source</u>:  1.14 Use of Notes [Modified]

## INSTRUCTION NO. 17

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Source:  3.2 Communication with Court

## INSTRUCTION NO. 18

A verdict form has been prepared for you.  The verdict form contains four questions.  If you answer the first question "no" then a verdict must be returned for the defendant and you need not answer the remaining three questions.  If you answer the first question "yes," then you must complete two or more of the remaining three questions.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court [through the bailiff] that you are ready to return to the courtroom.

<u>Source</u>:  3.3 Return of Verdict

COMMENTS TO SELECTED INSTRUCTIONS

9.2 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof

In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002).  The elements of a § 1983 claim are "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right."  *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).  For cases interpreting "color of law," *see Anderson v. Warner,* 451 F.3d 1063 (9th Cir.2006), and *McDade v. West*, 223 F.3d 1135, 1139–40 (9th Cir.2000).

9.8 Causation

In *Oviatt v. Pearce*, 954 F.2d 1470, 1481 (1992), the Ninth Circuit approved the trial court's "moving force" instruction on causation in a § 1983 *Monell* claim as follows:

> The district court instructed the jury that "in order for [the policy] to be the cause of injury, you must find that it is so closely related as to be the moving force causing the ultimate injury."  Because this instruction closely tracks the language in *City of Canton*, we find that it correctly stated the law and adequately covered the issue of causation.  *See City of Canton*, 489 U.S. at 391 ("the identified deficiency in a city's training program must be *closely related to the ultimate injury*."). (emphasis in original).

In *Jones v. Williams*, the Ninth Circuit affirmed a defense verdict in a § 1983 case in which the district judge gave the following "concurrent cause" instruction to address allegations of supervisory and group liability:  "[M]any factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause."  *Jones v. Williams*, 297 F.3d 930, 937 n.7 (9th Cir.2002).

9.25 Particular Rights—Eighth Amendment—Prisoner's Claim Re Conditions of Confinement/Medical Care

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; to ensure that inmates receive adequate food, clothing, shelter, and medical care; and to "take reasonable measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).  A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment.  *Id*. at 828 (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); and *Estelle v. Gamble*, 829 U.S. 97 (1976)).  "While *Estelle* establishes that deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id*. at 835.

In *Farmer*, the Supreme Court held an Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.  *Farmer*, 511 U.S. at 834.  A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  *Accord, Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir.2002) ("The inmates must demonstrate that they were confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. . . .  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation.").

In *Estelle v. Gamble*, the Supreme Court held a prison official's deliberate indifference to serious medical needs violates the Eighth Amendment.  427 U.S. at 106.  A serious medical need is present whenever the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Clement v. Gomez*, 298 F.3d at 904 (citations omitted).

Although the Eighth Amendment also provides a minimum standard for protecting pretrial detainees from conditions of confinement that amount to punishment, claims by pretrial detainees challenging such conditions arise under the Fourteenth Amendment's Due Process Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see also Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir.1986) and *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1160 (9th Cir.2003).  In addition, when the plaintiff is detained pursuant to a civil commitment, the Eighth Amendment is not the proper vehicle to challenge the conditions of commitment.  *See Hydrick v. Hunter*, 466 F.3d 676, 696 (9th Cir.2006).  Instead, the plaintiff's rights are analyzed under the Fourteenth Amendment.  *Id.*


5.5 Punitive Damages

Punitive damages are not available in every case.  For example, punitive damages are not available against municipalities, counties, or other governmental entities unless expressly authorized by statute.  *City of Newport, et al. v. Fact Concerts, Inc., et al.*, 453 U.S. 247, 259-71 (1981). Punitive damages may, however, be available against governmental employees acting in their individual capacities.  *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254.  In diversity cases, look to state law for an appropriate instruction.

Regarding when punitive damages may be awarded in Title VII actions, *see Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999); *Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir.2000). *See also Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 514 (9th Cir. 2000).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a (b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. National Railroad Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Company*, 532 U.S. 843 (2001). *See*

*also Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 12.

If punitive damages are available, and evidence of defendant's financial condition is offered in support of such damages, the judge may be requested to instruct the jury during trial and/or at the end of the case about the limited purpose of such evidence. See Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and the bracketed material in 3.3 (What Is Not Evidence).

Regarding oppressive conduct, see *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) (holding it was error not to instruct on oppressive conduct as an alternative basis for punitive damages).

Regarding degree of reprehensibility and punitive damages generally, *see BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); see also *Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir. 1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future.". *See State Farm Mut. Auto. Ins. Co. v Campbell,* 538 U.S. 408 (2003), referring to *Gore and Haslip* and stating that "[single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, or, in this case, of 145 to 1. (citation omitted) . . ..  Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" (*citing Gore*, 517 U.S. at 582.)  For an application of *the State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, see *Bains LLC v. Arco Products Co.,* 405 F.3d 764 (9th Cir. 2005).


5.6 Nominal Damages

Nominal damages are not available in every case. The court must determine whether nominal damages are permitted. *See, e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir.1994) (Section 1983 action), *cert. denied*, 513 U.S. 1148 (1995); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir.1992) (Title VII action).

Regarding cases brought under 42 U.S.C. § 1983, see *George v. City of Long Beach*, 973 F.2d 706 (9th Cir.1992); *Floyd v. Laws*, 929 F.2d 1390 (9th Cir.1991).

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CLEM,

                    Plaintiff,

    vs.

G. LOMELI, California Correctional
Officer, in his individual capacity

                    Defendant.

Case No. 2:05-cv-02129 (JKS)

<u>SPECIAL VERDICT FORM</u>

We, the jury, unanimously find the following verdict on the questions submitted to us based on the preponderance of the evidence:

Question No. 1:  By failing to remove him from cell 115 was Defendant G. Lomeli deliberately indifferent to a serious risk of harm to Plaintiff?

Answer:      ☐ Yes  ☐ No.

If you answered each of questions 1 "no" then a verdict must be returned in favor of Defendant and Plaintiff takes nothing.  If you answered questions 1 "yes" then you must answer the following questions, as applicable.

Question No. 2: What is the total amount of compensatory damages that Plaintiff is entitled to, if any, as a result of the injuries he sustained on account of Defendant Lomeli's violation of Plaintiff's constitutional rights?

Answer: $ _____ *or* ☐ nominal damages of $1.00.

Question Number 3:  If you find that Defendant G. Lomeli's conduct in violation of the Eighth Amendment was malicious, wanton or oppressive, then you may make an award of punitive damages.  Do you choose to award punitive damages to Plaintiff from Defendant?

Answer:      ☐ Yes  ☐ No.

Question Number 4: If the answer to question number 3 is "yes," what is the amount of punitive damages that Plaintiff is entitled to receive from Defendant?

Answer: $ _____.

The foreperson shall sign and date this verdict form and return it to the Court.

Dated: September___, 2007                          By: _____
                                                              JURY FOREPERSON